UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN RE WENDY ANNE WHITNEY,

                        Plaintiff,

-vs-

OFFICE OF MENTAL HEALTH,

                        Defendant.

DECISION AND ORDER

19-MC-6007-CJS

**Siragusa, J.** Before the Court is Wendy Anne Whitney's ("Whitney") request for permission to file a new action. This Court entered a sanction Order in *Whitney v. Strong Memorial Hosp.*, No. 04-CV-6265-CJS-MWP (W.D.N.Y. Aug. 2, 2004), requiring the Clerk to submit any complaint filed by Whitney to the Court for a determination as to whether it should be filed. The 2004 sanction Order was preceded by an earlier one in *Whitney v. Bausch & Lomb Inc.*, No. 98-CV-6184-CJS (W.D.N.Y. May 20, 1998). For the reasons stated below, the application is denied.

Among the allegations in her proposed complaint are the following: "Mental Health has broken into my home with Communist policemen, the police attack me, handcuff me & arrest me Mental Health Hospitals"; "Mental Health threw me out of my homes and made me homeless"; "Spring Lake Police arrest disabled mental health Rochester Mental Health took my property (stolen property) put it in storage at J.J. Storage brand new furniture, artwork. I paid for storage. J&J damaged brand new furniture never delivered properly"; "3 cars stolen with Mental Health impound (I own). I would like to sue for property at 5630 Buffalo Road, Rochester Psychiatric [sic] Center. I need to sue J&J Storage, Rochester Mental Health for Home Property Loss & damages"; "I would also like to sue for police brutality & pain and suffering."

Whitney also offers that "I'd like to make a piggy bank of the Statute of Liberty and put money in the piggy bank. I would appreciate if you would buy this idea. It would benefit us both." She further discusses complaints she has against Bausch and Lomb's Employee Assistance Program, which she claims sent her "to the mental hospital." Further, she claims to be on Social Security Disability and

claims that Mental Health took her checks, and further that she "would like to be my own representative payee and receive my check."

As with her prior filings, Whitney's present proposed complaint contains no indication of federal jurisdiction for the majority of her claims, the narrative sentences in her filing are disjointed and make little logical sense. Her filing appears to be fanciful and delusional. Moreover, any claims she does make, viewing the filing in the light most favorable to her, appear to raise state law claims over which the Court does not have jurisdiction. Any claims that could be construed as civil rights claims are conclusory and lacking in any factual basis to conclude that she has plausibly alleged a federally justiciable claim. Consequently, the Court hereby

ORDERS, that Whitney's proposed complaint is stricken pursuant to the Court's sanction Orders, referred to above; further,

The Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Decision and Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, 40 Foley Square, New York, NY, 10007, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated:  October 15, 2019
        Rochester, New York

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge